**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

DENNIS ERB,
1301 N. Courthouse Road, Apt. 1416
Arlington, VA 22201-2533

Plaintiff,

v.

JANET YELLEN,
Secretary,
U.S. Department of the Treasury,
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

Defendant.

Case No.: _________________

Date: March 30, 2022

# COMPLAINT

Plaintiff, Dennis Erb ("Plaintiff"), by and through under-signed counsel, hereby alleges as follows:

## NATURE OF THE CASE

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of the Department of the Treasury ("Agency" or "Defendant") to fulfill the requests filed on behalf of the Plaintiff for records relating to the suspension and denial of a security clearance to Plaintiff in 2018.
2. This case seeks declaratory relief that the Defendant is in violation of FOIA for failing to respond to Plaintiff's request for records in a timely manner, and injunctive relief that the Defendant immediately and fully comply with Plaintiff's request under FOIA.
3. This case further seeks the Plaintiff be awarded compensatory relief for the damages suffered due to the Defendant's violation, as well as reasonable attorneys' fees and legal costs incurred in pursuing this litigation, pursuant to 5 U.S.C. § 552(a)(4)(E)(i).

PARTIES

4. Plaintiff, Dennis Erb, is a United States citizen who resides at 1301 N. Courthouse Road, Apt. 1416, Arlington, VA 22201-2533. Plaintiff is a former employee of the Agency.

5. Defendant, Department of the Treasury, is an agency within the meaning of 5 U.S.C. § 552(f). The Defendant has possession and control of the requested records and is responsible for fulfilling Plaintiff's FOIA request.

JURISDICTION AND VENUE

6. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331.

7. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

STATUTORY FRAMEWORK

8. FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

9. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

10. FOIA, 5 U.S.C. § 552(a)(6)(B), permits a 10-day extension of time to respond in certain "unusual circumstances."

11. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal but must provide written notice and "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i).

FACTS UNDERLYING PLAINTIFF'S CLAIM FOR RELIEF

12. On December 22, 2021, Plaintiff made the following request to the Department of the Treasury, Financial Crimes Enforcement Network (FinCEN):

- The investigative file, to include a copy of any documentation, and communications comprising the materials relied on in the August 28, 2018, decision to Suspend Dennis Erb's security

   clearance, IR-005-18.

- A copy of any documentation relating to and/or compiled in the investigation into Dennis Erb

regarding the misconduct allegations of Falsification of a Government Record (timecard) and Failure to Follow Supervisory Instruction, which formed the basis for the decision to remove Mr. Erb from employment at FINCEN by notification dated March 4, 2020. Responsive records should include (but not be limited to):

- Building and Remove Access Report
- Suspension Letter
- Memo from Nicole Hall HR
- All Telework Agreements
- Erb's Validated Timesheet from 2017 and 2018
- Erb's leave balances from 2017 and 2018
- Both Statements listed in the file
- Erb's government cell record
- Letter of Reprimand (2013)
- Letter of termination (draft — never effected

- All records of e-mail correspondence on FinCEN and Treasury systems by Dennis Erb (Both sent and received) on January 1, 2018, January 22, 2018, February 26, 2018, February 28, 2018, March 12, 2018, April 16, 2018, May 10, 2018, June 1, 2018, and June 27, 2018 to July 11, 2018, from Dennis Erb's unclassified, TSDN, and TFIN email.
- All records of telephone correspondence on FinCEN and Treasury systems by Dennis Erb on January 1, 2018, January 22, 2018, February 26, 2018, February 28, 2018, March 12, 2018, April 16, 2018, May 10, 2018, June 1, 2018, and June 27, 2018 to July 9, 2018.
- Record of all telephonic communication between Dennis Erb's Government issued Samsung phone and Adam Thurston on June 27, 2018, June 28, 2018 ,and June 29, 2018.
- All transcripts, notes, memoranda, and any other records compiled in connection with Treasury's Office of Inspector General (OIG) investigation of Dennis Erb in December 2018.
- Dennis Erb's requests for leave and telework from January 1, 2018 to July 30, 2018.
- Record of Dennis Erb's remote log-in and log-off activity from January 1, 2018 through August 31, 2018.
- A copy of any and all documentation authored by John Yaros regarding telework and time off requests from April 1, 2018-July 12, 2018.
- A copy of any and all documentation authored by Ryan Crosby regarding telework and time off requests from January 1, 2018-April 15, 2018.

- A copy of each and every document, on all email systems, that refers, reflects, or relates to Dennis Erb's attendance at meetings and off-site conferences from January 1, 2018, – July 30, 2018.

- A copy of all email communications, from FinCEN and Treasury systems, that refer, reference, or relate to the October 8,2020, decision to revoke Dennis Erb's security clearance.

- A copy of all communications from Dennis Erb to supervisors, coworkers, and external stakeholders from the dates in the proposed removal which accuse Mr. Erb of falsifying time cards. Such dates are: January 1, 2018, January 22, 2018, February 26, 2018, February 28, 2018, March 12, 2018, April 16, 2018, May 10, 2018, June 1, 2018, June 28, 2018, June 29, 2018, and July 2, 2018.

- All time and attendance records and building access records of Dennis Erb from FinCEN and Treasury buildings, from October 17, 2017 to October 15, 2018, compiled by Treasury Office of Inspector General.

- Full copy of Treasury Office of Inspector General Report of Investigation, report number Fin-CEN-19-0017-I, completed December 20, 2018.

- Copies of any FinCEN, Treasury, or Treasury OIG e-mails which contain the words "Dennis Erb" and "security clearance."

- Copies of any FinCEN or Treasury documents or e-mails which contain the words "Dennis Erb" and "removal."

- Copies of any FinCEN or Treasury documents or e-mails which contain the words "Dennis Erb" and "Security Violation."

- Copies of any FinCEN or Treasury documents or e-mails which contain the words

"Dennis Erb" and "revocation."

- Copies of any FinCEN or Treasury, or Treasury OIG documents or e-mails which contain the words "Dennis Erb" and "investigation," as well as "Erb" and "investigation."

- Copies of any FinCEN or Treasury documents or e-mails which contain the words "Dennis Erb" and "Special project," as well as "Erb" and "Special Report."

- Copies of any FinCEN or Treasury documents or e-mails which contain the words "Dennis Erb" and "positive feedback," as well as "Erb" and "positive feedback."

- Copies of any FinCEN or Treasury documents or e-mails which contain the words "Dennis Erb" and "classified phone call," as well as "Erb" and "classified phone call."

- A copy of Dennis Erb's email communications from the TFIN and TSDN email systems (both the inbox and sent emails) from June 1, 2017 through December 31, 2018.

- Dennis Erb's time and attendance records from January 1, 2017 through December 31, 2018.

- A copy of all emails sent or received by Dennis Erb on June 27, 2018, June 28, 2018, June 29, 2018, and July 12, 2018 (Email sent from his personal gmail account to FinCEN employees as his FinCEN email had been disconnected by July 12, 2018).

27. Copies of any FinCEN or Treasury documents or emails which contain the words "Dennis Erb" and "PI" or "Erb and PI."

13. Plaintiff's request further stated,

> These requests have been enumerated. If the agency believes any specific requests can be responded to as written, but others cannot, the agency should immediately produce the materials responsive to the requests which can be responded to as written, and notify Mr. Erb, via counsel, of the reasons the other requests cannot be responded to, identified by number, so that we can proceed accordingly.

14. On January 19, 2021, FinCEN sent an acknowledgement of Plaintiff's December 22, 2021 request, assigning the request case numbers FinCEN 22-056-F, FOIAXpress Case No. 2022-FPA-00002.
15. FinCEN's acknowledgment advised that certain of Plaintiff's 27 enumerated requests would need to be directed to the Department of the Treasury, and requested that certain others be made more specific.
16. FinCEN's acknowledgment letter advised Mr. Erb to respond within 30 days, or else his request would be administratively closed.
17. Plaintiff provided a timely response to FinCEN's acknowledgment on February 18, 2022.
18. On this same date, February 18, 2022, per the instructions from FinCEN contained in its acknowledgment letter, Plaintiff submitted a FOIA request to the Department of the Treasury.
19. Responses from both agencies were due on March 17, 2022, as 20 working days from February 18, 2022.
20. On March 17, 2022, Plaintiff's counsel inquired via email of Defendant's legal counsel the status of Plaintiff's requests, advising that the deadline for response was that day.
21. On March 18, 2022, Defendant's legal counsel replied to Plaintiff's counsel, advising that she was trying to figure out whom to contact regarding this issue, but that she understood Plaintiff's position was to move quickly.[1]
22. As of this filing, the Defendant has provided no response to Plaintiff's February 18, 2022 FOIA requests to the Department of the Treasury and FinCEN.

[1] Plaintiff voluntarily dismissed a previous civil action based on his previous FOIA request to the Defendant (Civil Action No. 21-2339), based on the understanding that his new FOIA request would be processed appropriately.

23. On information and belief, circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding.

24. The Defendant's total failure to respond to Plaintiff's FOIA requests has caused Plaintiff pain and suffering, as it unjustifiably thwarts Plaintiff's ability to oppose unjust employment actions the Agency has taken against him, damaging his career, reputation, and earning ability.

PLAINTIFF'S CLAIMS FOR RELIEF

COUNT 1
Failure to Produce Records Under FOIA
(5 U.S.C. § 552)

25. Plaintiff repeats and realleges every allegation in the Complaint.

26. Plaintiff, through counsel, properly asked for records within the Defendant's control on December 21, 2021, and again in response to Defendant's acknowledgment letter, on February 18, 2022.

27. Defendant has not provided a determination to the Plaintiff as to whether the Defendant intends to produce records in response to the Plaintiff's requests.

28. Defendant has also not produced any records to Plaintiff in response to his FOIA requests.

29. Defendant violated FOIA's mandate to release agency records to the public by failing to release the records Plaintiff specifically requested. 5 U.S.C. § 552(a)(3)(A), 552(a)(4)(B).

30. Defendant violated FOIA's mandate to provide Plaintiff an opportunity to limit the scope of the request so that it may be processed within a time limit or an opportunity to arrange with Defendant an alternative time frame for processing the request or a modified

request. 5 U.S.C. § 552(a)(6)(B)(ii). Though Plaintiff limited the scope of his request in accordance with Defendant's acknowledgment, Defendant has failed entirely to respond to Plaintiff's request following his limiting of the scope.

31. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the records requested in Plaintiff's December 21, 2021 and February 18, 2022 FOIA requests.

32. WHEREFORE, Plaintiff respectfully requests this Court:

a. Declare that the Defendant violated FOIA by failing to lawfully satisfy Plaintiff's December 21, 2021 and February 18, 2022 FOIA requests;

b. Order the Defendant to process and release immediately all records responsive to Plaintiff's December 21, 2022 and February 18, 2022 FOIA requests at no cost to Plaintiff;

c. Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA requests and that no agency records are wrongfully withheld;

d. Award Plaintiff his reasonable attorney's fees and litigation costs in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

e. Award Plaintiff compensatory relief for damages Plaintiff has suffered due to Defendant's violation; and

f. Award any additional relief the Court deems just.

Dated: March 30, 2022

Respectfully submitted,

*/s/J. Cathryne Watson*
J. Cathryne Watson
D.C. Bar No. 1032640
Alan Lescht & Associates

        1825 K Street, N.W.  Suite 750
        Washington, D.C.  20006
        Phone: 202-315-1732
        Fax: 202-463-6067
        Email: Cathryne.watson@leschtlaw.com

*Attorney for Plaintiff Mr. Erb*